IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAVID N. PHILLIPS,     Case No. 1:18-cv-00340-CL

    Plaintiff,

v.     OPINION AND ORDER

HENRY SCHEIN Inc.,

    Defendant.

---

CLARKE, Magistrate Judge.

Plaintiff David Phillips seeks to proceed *in forma pauperis* ("IFP") in this action. For the reasons stated below, Plaintiff's Amended Complaint (#9) is dismissed without prejudice and with leave to refile a First Amended Complaint within thirty days of this ruling. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed. Plaintiff's motion to transfer venue (#14) is denied.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. §

1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los*

*Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

**1. Plaintiff's Amended Complaint is dismissed for lack of personal jurisdiction.**

This court previously dismissed Plaintiff's Complaint (#1) with leave to amend. In that Opinion and Order (#6), the court informed Plaintiff of the deficiencies in his complaint. The court identified one deficiency in that he failed to allege that he had received a Right To Sue letter from the Equal Employment Opportunity Commission (EEOC) before filing this action alleging violations of the Americans with Disabilities Act (ADA) against his former employer. In his Amended Complaint, Plaintiff has cured that particular deficiency. *See* Am. Compl. The court also previously informed Plaintiff that he had failed adequately state the basis for this court to exercise personal jurisdiction over Defendant, Henry Schein, Inc. Plaintiff has failed to cure that deficiency.

Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the Court sits applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir.2011); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). Oregon's long arm statute, Oregon Rule of Civil Procedure ("ORCP") 4, extends personal jurisdiction to the extent permitted by federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990); *Tech Heads, Inc. v. Desktop Serv. Ctr., Inc.*, 105 F. Supp. 2d 1142, 1144 (D. Or. 2000).

Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not

offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state—i.e. "general jurisdiction," or (2) there is a strong relationship between the defendant's forum contacts and the cause of action—i.e. "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986). *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995).

In this case, Plaintiff identifies the defendant as a corporation incorporated under the laws of the State of New York, with a principal place of business in the State of California. Thus, the defendant is a "non-resident" of Oregon, and the Plaintiff must demonstrate that the Court has specific personal jurisdiction.

In order for the court to exercise specific jurisdiction, the lawsuit "must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks omitted).

Plaintiff has failed once again to show that there is a strong relationship between his claims, and the defendant's contacts with the State of Oregon. He does not allege that he was employed by the defendant in Oregon, nor does he state whether any of the facts alleged in the Complaint took place in Oregon. In fact, it appears that Plaintiff alleges he was employed by the defendant in California. *See* Am. Compl. Therefore, he has failed to allege sufficient facts for the Court to exercise personal jurisdiction over the defendant. If he is unable to allege such facts in an amended complaint – as it seems likely he cannot – Plaintiff must bring his claims in a court that does have personal jurisdiction – i.e., a court in the State of California or the State of New York.

### 2. Plaintiff's motion for transfer of venue is denied.

Plaintiff filed a change of address (#13) indicating he now resides in Spokane, Washington. Plaintiff then filed a motion for change of venue (#14) requesting a transfer of venue to "Spokane Washington Court," presumably intending to request transfer of this action to the U.S. District Court for the Eastern District of Washington, which is located in Spokane. Plaintiff did not provide any support for why the Eastern District of Washington would be a proper venue for this action. Reviewing Plaintiff's Amended Complaint, it is almost certain that his complaint would suffer the same issues regarding personal jurisdiction over defendant in Washington as it does in Oregon. If Plaintiff wishes to transfer venue, he should be mindful that it is likely that only courts in the State of California or the State of New York will be able to exercise personal jurisdiction over defendant, and therefore have the ability to hear his claims.

///

///

///

## ORDER

Based on the foregoing, Plaintiff's Amended Complaint (#9) is dismissed without prejudice and with leave to refile an Amended Complaint within thirty days of this ruling. Plaintiff must cure the deficiencies identified above or his case will be dismissed. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed. Plaintiff's Motion for Transfer of Venue (#15) is denied.

ORDERED and DATED this __15__ day of June, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge