FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID N. PHILLIPS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HENRY SCHEIN, INC,<br><br>　　　　　　　　Defendant. | NO: 2:19-CV-337-RMP<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment, **ECF No. 65**. The Court has considered the briefing, the record, the relevant precedent, and is fully informed.

## BACKGROUND

In the early 1990s, Plaintiff David Phillips injured his neck in a workplace accident while working as a repairman in California for a company called Eiki International. The State of California concluded that he was partially disabled due to the injury. *See* ECF No. 73-2 at 2; ECF No. 66-1 at 4. Eventually, Mr. Phillips began working as a repair technician in Placentia, California, for a different

company, which was purchased by Defendant Henry Schein, Inc. on January 24, 2005. ECF No. 66-1 at 3–4. When the company was purchased, Mr. Phillips became a Henry Schein employee. Henry Schein employed Mr. Phillips from January 24, 2005, to December 28, 2016. *Id*.

In 2013, Mr. Phillips alleges that he "started complaining to [his] manager about safety issues in the warehouse and walkways." ECF No. 9-3 at 2; *see e.g.,* ECF No. 73-2 at 3, 5, 8–33. He claims that Henry Schein did not keep clear walkways in its warehouse and that it allowed warehouse exit doors to be blocked. *See id*. In his complaint, Mr. Phillips states that he requested unblocked exit doors and twenty-four-inch, clear walkways. ECF No. 9-3 at 2. He maintains that these requests were requests for accommodations under the ADA because, if he were to trip, he could hurt his neck very severely, given his existing injury. *Id*. While Mr. Phillips claims that these requests were requests for disability accommodations, he also describes them as complaints about "safety issues" and "safety violations," about which he contacted OSHA. *Id*.

On May 6, 2016, Mr. Phillips injured his lower back and got a hernia while pushing a cart through a walkway in the warehouse; he explains that the cart got stuck, and that he had to push, pull, and lift it to get it loose, causing the injury. ECF No. 9-3 at 3. Mr. Phillips also alleges that he injured his neck and lower back on May 31, 2016, apparently due to the exit door being blocked by empty

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

cardboard boxes. *Id*. It is not entirely clear from the language of the complaint or from the evidence presented what purportedly occurred on May 31, 2016.

Mr. Phillips had surgery for his hernia on July 23, 2016, and he was placed on workers' compensation from July 11, 2016, to September 19, 2016. *Id*.; *see also* ECF No. 68 at 2.

On December 2, 2020, Plaintiff called one of his co-workers and sent a number of texts, explaining that he was going to commit suicide. ECF No. 67-1 at 1; *see also* ECF No. 6601 at 11. The police were called, and they took Plaintiff to the hospital. ECF No. 67-1 at 1. The coworker stayed in contact with Plaintiff throughout the day, to ensure that he arrived safely at the hospital. *Id*.

Henry Schein informed Plaintiff that, before returning to work, he would need to undergo a fitness-for-duty examination. ECF No. 67 at 2. Two days later, Plaintiff responded that he could not return to work due to an infection related to his hernia surgery. *Id*. Human Resources Site Manger Heather Burkhard followed up with Plaintiff about his potential health conditions in a letter. *See* ECF No. 67-1 at 2–3. She explained on behalf of the company that the fitness for duty examination was "part of the Company's efforts to engage in an interactive process with [Plaintiff] under the [ADA]." *Id*. at 2. The letter also asked for Plaintiff's "insights regarding [his] potential status under the ADA." *Id*. Additionally, Ms. Burkhard provided information to Plaintiff regarding potential, additional workers' compensation. She included the name and number of the case worker already

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

assigned to Plaintiffs' workers' compensation claim, and she explained that Plaintiff and his doctor would need to cooperate with the insurer's document requests. *Id*. at 3. Plaintiff never responded to Ms. Burkhard's letter, and he refused to engage in the interactive process. *See* ECF No. 67 at 2; ECF No. 66-1 at 16–17.

On December 22 and 23, 2016, Plaintiff sent several text messages to the same coworker that he had contacted earlier that month about committing suicide. ECF No. 67-1 at 4–5. These messages included: "Watch your back," and "Thought you were a friend guessed wrong." *Id*. Plaintiff does not dispute that he sent these messages, but he does not remember sending them. ECF No. 66-1 at 14–15.

While officials at Henry Schein met and decided what to do about Plaintiff's text messages, Plaintiff called Ms. Burkhard and yelled at her, threatening to sue her and the company. ECF No. 67 at 3. He then yelled, "Fuck you," and hung up. *Id*. Ms. Burkhard reports that Plaintiff called her two more times within the hour to yell at her, and that he called her "fucking stupid." *Id*. at 3. Defendant Henry Schein points out that Plaintiff had been written up twice prior to this incident for using abusive and disrespectful language toward coworkers, once on April 24, 2014, and once on June 10, 2016. *Id*; *see* ECF No. 67-1 at 6–8.

On December 28, 2016, Henry Schein terminated Plaintiff's employment. ECF No. 67 at 4. When Ms. Burkhard called Plaintiff to inform him that his

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

employment had been terminated, Plaintiff shouted obscenities at her again. *Id*. Ms. Burkhard explains, "Phillips called me several more times that day and continued to shout various accusations and obscenities at me in a menacing tone." *Id*.

On February 26, 2018, Plaintiff filed this lawsuit, naming Henry Schein as the only Defendant. ECF No. 1. Because Plaintiff lived in Oregon at that time, he filed the case in the United States District Court for the District of Oregon. *See id*. Plaintiff filed an Amended Complaint on March 5, 2018, which is the operative complaint. *See* ECF No. 9; ECF No. 17. The operative complaint asserts claims against Henry Schein for violations of the Americans with Disabilities Act ("ADA"). Specifically, he asserts that he was terminated in violation of the ADA, that Henry Schein failed to accommodate his disabilities in violation of the ADA, and that Henry Schein retaliated against him in violation of the ADA. ECF No. 9 at 5. On October 10, 2019, the District of Oregon granted Plaintiff's motion to transfer this case to the Eastern District of Washington. ECF No. 48. Defendant has moved for summary judgment on all of Plaintiff's claims.

## LEGAL STANDARD

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if sufficient

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

# DISCUSSION

**ADA CLAIMS**

### *McDonnell Douglas Burden Shifting Framework*

Courts assess disability discrimination and retaliation claims under the ADA using the *McDonnell Douglas* burden shifting framework. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014). Pursuant to this framework, the plaintiff must first establish a prima facie case of discrimination or retaliation. *Id*. Then, the burden shifts to the defendant employer to provide a legitimate, nondiscriminatory reason for the action that it took against the plaintiff. *Id*. If the employer can demonstrate a legitimate, nondiscriminatory reason for the action that it took, then the burden shifts back to the plaintiff employee to demonstrate that the employer's proffered reason is pretextual. *Id*.

### *ADA Termination Claim*

Plaintiff claims that he was terminated in violation of the ADA. To establish a prima facie ADA termination claim, a plaintiff must establish the following:

(1) that he is a disabled person within the meaning of the ADA;

(2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and

(3) that the employer terminated him because of his disability.

1  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).  Regarding the

2  second element, Plaintiff must prove that he was qualified to perform his job, or a

3  "qualified individual."  A "qualified individual" is an individual with a disability

4  "who, with or without reasonable accommodation, can perform the essential

5  functions of the employment position such individual holds or desires."  42 U.S.C.

6  § 12111(8).  As a matter of law, "A totally disabled person who cannot 'perform

7  the essential functions of the employment position' with or without reasonable

8  accommodations [] cannot be a qualified individual."  *Weyer v. Twentieth Century*

9  *Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000) (quoting *Kennedy*, 90 F.3d at

10  1481).

11      In this case, Plaintiff argues that he is completely disabled and reports that

12  he never will be able to return to work.  In his deposition, Plaintiff explains that he

13  is 100 percent disabled, and that is why he receives social security disability

14  benefits.  *See* ECF No. 66-1 at 6–7.  Plaintiff does not dispute, and indeed

15  affirmatively argues, that his disabilities preclude him from doing his former job

16  and that he will never be able to work again.  He states, "I am a hundred percent

17  disabled.  I will never work again.  I can't."  ECF No. 66-1 at 8.  Accordingly, he is

18  not a qualified individual for the purposes of the ADA.  For this reason, Plaintiff's

19  ADA claims regarding termination and failure to accommodate fail as a matter of

20  law, because he is unable to perform the essential functions of the job, either with

21  or without reasonable accommodation.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

Even if Plaintiff could establish that he was a qualified individual, which he has not done, his ADA termination claim fails as a matter of law because Henry Schein has explained and offered evidence to support its legitimate, nondiscriminatory reasons for terminating Plaintiff's employment, and Plaintiff has not provided evidence showing that those reasons are pretextual.  Henry Schein asserts that it fired Plaintiff for disrespectful and aggressive behavior, directed primarily toward its employees.  Moreover, Henry Schein has provided sufficient evidence of Plaintiff's disrespectful and aggressive behavior, and Plaintiff has not contested that evidence.  *See* ECF No. 67 at 3–5; ECF No. 67-1 at 4–8.

Therefore, even if Plaintiff were a qualified individual under the ADA, which he has not demonstrated, Plaintiff's ADA termination claim fails as a matter of law, because Defendant has provided evidence of a legitimate, nonpretextual basis for his termination.

*ADA Failure to Accommodate Claim*

Plaintiff also has alleged that Henry Schein failed to accommodate his disability in violation of the ADA.  The ADA makes unlawful an employer's failure to make "reasonable accommodations to the known . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless [the employer] can demonstrate that the accommodation would impose undue hardship on the operation of the business[.]" 42 U.S.C. § 12112(b)(5)(A).  To succeed on a failure to accommodate claim, the plaintiff must show the existence of "a

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  reasonable accommodation that will enable [him] to perform the essential

2  functions of his position." *See Kramer v. Tosco Corp.*, 233 Fed. App'x. 593, 596

3  (9th Cir. 2007) (citing *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137–38

4  (9th Cir. 2001)).

5     For the reasons explained *supra*, no genuine dispute of material fact exists as

6  to whether Plaintiff is a qualified individual. By his own admission, he is unable to

7  perform the essential functions of his job, either with or without accommodation.

8  Thus, his accommodation claim also fails as a matter of law.

9     Even if Plaintiff could prove that he was a qualified individual for purposes

10  of the ADA, which he has not done, his failure to accommodate claim fails because

11  he has not submitted evidence showing that a reasonable accommodation existed.

12  In fact, he argues that Henry Schein could not accommodate him such that he

13  would be able to perform the essential functions of his job, asserting: "With

14  reasonable accommodations I still can't perform my job duties. That is why I am

15  100% disabled and cannot work." ECF No. 72 at 15–16. Moreover, undisputed

16  evidence on the record shows that Henry Schein attempted to engage in the

17  interactive process with Plaintiff to determine if accommodations were needed.

18  *See* ECF No. 67-1 at 2–3. Plaintiff admitted in his deposition that he refused to

19  engage with Henry Schein regarding certain potential accommodations. ECF No.

20  66-1 at 16–17.

21

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

For these reasons, Plaintiff's failure to accommodate claim, brought pursuant to the ADA, fails as a matter of law.

### *ADA Retaliation Claim*

Plaintiff's third ADA claim is a retaliation claim. To establish a prima facie case of retaliation, Plaintiff must prove:

(1) involvement in a protected activity;

(2) an adverse employment action; and

(3) a causal link between the two.

*Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). Plaintiff's retaliation claim also is subject to the *McDonnell Douglas* burden shifting framework. *Curley*, 772 F.3d at 632. Thus, because Henry Schein has provided legitimate, non-discriminatory reasons for terminating Plaintiff's employment, Plaintiff must provide evidence illustrating that those reasons are pretextual. *See id*.

The Court understands Plaintiff to argue that he engaged in two separate kinds of protected activity. In his briefing, Plaintiff argues that he engaged in protected activity when he made complaints about blocked walkways and doorways. ECF No. 72 at 18. However, Plaintiff testified in his deposition that he thinks he was fired for pursuing worker's compensation. ECF No. 66-1 at 18–19. Eventually, during his deposition, Plaintiff repeatedly stated that he does not know the true reason for his termination. *Id*. at 19.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

The Court need not decide whether Plaintiff's complaints or Plaintiff's initiation of his workers' compensation case were protected activities under the ADA. Even if they were, Plaintiff has not provided sufficient evidence of causation or of pretext, as a matter of law, to proceed on his claim. Plaintiff testified that he does not know why he was fired, and that he speculates it was because he filed a workers' compensation claim. ECF No. 66-1 at 18–19. Additionally, while the temporal proximity between a protected activity and an adverse employment action can provide circumstantial evidence of an employer's discriminatory intent, such an inference could not reasonably be drawn from the timeline in this case. See Brown, 336 F.3d at 1187. Plaintiff's disrespectful and profane text messages and telephone conversations with other employees occurred less than one week prior to his termination. Although Plaintiff states that he does not remember most of these conversations, he does not dispute that they happened, and no evidence on the record undermines Henry Schein's assertion that Plaintiff's inappropriate and disrespectful actions led to his termination. Accordingly, Plaintiff has not provided evidence to support his claim that Henry Schein terminated his employment because of any alleged protected activity, either filing workers' compensation claims or alleged safety complaints, nor has he provided evidence demonstrating that Henry Schein's legitimate reason for terminating his employment was pretextual.

**PURPORTED STATE LAW CLAIM**

Henry Schein argues that Plaintiff's state law claim under California Labor Code Section 123a should be dismissed for failure to commence this action within the relevant statute of limitations. ECF No. 65 at 9. However, upon review of Plaintiff's complaint and supporting documents, the Court finds that Plaintiff did not assert a claim or request relief under California labor law, nor did he amend his Complaint to include such a claim. *See* ECF No. 9; ECF No. 9-3. While Plaintiff alleges that he was terminated while on worker's compensation, his Complaint does not request relief under California labor law, nor does it assert that Henry Schein's actions violated any state law. Rather, the Complaint focuses solely on the ADA. *See id*. Thus, the only claims that Plaintiff has properly alleged in this action are ADA claims, which the Court already has resolved as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 65**, is **GRANTED IN PART**. The Court will not enter judgment on Plaintiff's purported state law claim, as requested by Defendant, because it finds that Plaintiff did not allege a state law claim against Defendant in this Court.

2. Plaintiff's federal claims alleged in this Court are **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered for the Defendant.

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

4. Any remaining, pending motions are **DENIED AS MOOT**, and any hearing dates are **STRICKEN**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, provide copies to counsel and to Plaintiff, and **close this case**.

**DATED** June 4, 2020.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14